# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>                    Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                    Defendant. | Case No.: 17cv1123-CAB-KSC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 38] AND GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. No. 32]** |

      Plaintiff Mark E. Dorsey, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to Title 42, United States Code, Section 1983, alleging prison officials at R.J. Donovan Correctional Facility (RJDCF) violated his rights under the United States Constitution. [Doc. No. 3.] On February 27, 2018, Defendants filed a motion to dismiss Counts 2 and 3 of the Complaint for failure to state a claim. [Doc. No. 32.][1] On March 16, 2018, Plaintiff filed an opposition to the motion. [Doc. No. 33.] On July 9, 2018,

---

[1] On March 28, 2018, Plaintiff filed a motion for judgment on the pleadings as to Count 1, claiming that Defendants failed to answer Count 1, as the motion to dismiss is only directed to Counts 2 and 3. [Doc. No. 35.] However, the filing of a motion to dismiss under Fed.R.Civ.P. Rule 12(b) extends a defendant's time to file a responsive pleading, even if the Rule 12(b) motion challenges only some of the claims of the complaint. *See Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012). Therefore, the motion for judgment on the pleadings [Doc. No. 35] is **DENIED**.

Magistrate Judge Karen S. Crawford issued a Report and Recommendation ("Report") recommending that the motion to dismiss be granted with leave to amend. [Doc. No. 38.] On July 20, 2018, Plaintiff filed objections to the Report. [Doc. No. 39.] For the reasons set forth below, the Report is **ADOPTED** and the motion to dismiss is **GRANTED** with leave to amend.

## REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

## DISCUSSION

A. Count 2 (Double Celling/Right to Privacy).

As noted by Magistrate Judge Crawford, a prisoner does not have a constitutional right to be housed in a single cell. See *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981) (holding that double-celling does not violate Eighth Amendment when it does not involve conditions amounting to unnecessary and wanton pain); *Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1051 (9th Cir. 2002) ("Double-celling as such is not constitutionally impermissible."). Rather, the Eighth Amendment's proscription of excessive punishment bars conditions of confinement that are incompatible with evolving standards of decency. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). The Constitution does not mandate that prison conditions be comfortable, "but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and

personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). "The circumstances, nature, and duration of a deprivation of necessities must be considered in determining whether a constitutional violation has occurred." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (*citing Johnson*, 217 F.3d at 731 (alteration omitted)).[2]

As also noted by Magistrate Judge Crawford, two requirements must be met to establish an Eighth Amendment violation based on jail conditions: (1) the deprivation alleged must objectively have been "sufficiently serious" in that an official's act or omission resulted in the denial of "the minimal civilized measure of life's necessities," and (2) the prison official must have had a "sufficiently culpable state of mind," namely, "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 834 (citation omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). "Deliberate indifference" is established only when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, Plaintiff fails to allege deprivation of his basic needs or that prison officials ignored an obvious risk to plaintiff's health or safety. In addition, Plaintiff's allegation that he was forced to share a cell with other inmates who had mental health disorders without compatibility screening does not state an Eighth Amendment claim. *Allen v. Figueroa*, 56 F.3d 70, at *7 (9th Cir. 1995)(*unpublished disposition*)(no Eighth Amendment or Due Process right to be housed with inmate of one's choice); *Allen v.*

---

[2] In his objections, Plaintiff cites to *Dohner v. McCarthy*, 635 F.Supp. 508 (C.D. Cal. 1985) for the proposition that "the Federal Court recognized there are prisoners who have psychological needs requiring single cells." [Doc. No. 39 at 4.] However, *Dohner* does not hold that *all* prisoners who have psychological needs require single cells. In fact, *Dohner* held that, in that case, double-celling did not violate the Eighth Amendment. 635 F. Supp. at 426-27. Plaintiff also cites to *Delgado v. Cady*, 576 F.Supp. 1446 (E.D. Wis. 1983) as somehow requiring that prisons evaluate prisoners with psychological or psychiatric problems prior to double-celling them. [Doc. No. 39 at 4.] However, due to unique circumstances in that case involving suicidal prisoners, the *Delgado* court ordered those defendants to devise a new evaluation system. Here, Plaintiff's allegations are generally that it is unconstitutional to double-cell prisoners due to "thousands of incident reports." But this is insufficient to state an Eighth Amendment claim, as Plaintiff fails to allege how <u>he</u> has been deprived of his basic needs.

*Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993)(no Due Process right to be housed with compatible inmate); *Bjorlin v. Hubbard*, No. CIV S-09-1793, 2010 WL 457685, *1 (E.D. Cal. Feb. 4, 2010)(*same*).

Finally, it appears that Plaintiff may be attempting to state a claim for violation of his right to privacy under the Fourth Amendment when he alleges "the daily violation of his bodily privacy rights." [Doc. No. 3 at 10.] However, as noted by Magistrate Judge Crawford, "'[a] right to privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to insure institutional security and internal order.'" [Doc. No. 38 at 8, citing *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).] While "incarcerated prisoners retain a limited right to bodily privacy," *Michenfelder v. Sumner*, 860 F.2d 328, 338 (9th Cir. 1988), a prisoner plaintiff "bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains." *Bruce v. Y1st*, 351 F.3d 1283, 1289 (9th Cir. 2003). Here, plaintiff has not alleged any facts to indicate that any loss of bodily privacy that results from double celling is unreasonable or unjustified under the circumstances.

Accordingly, the Report is **ADOPTED** as to Count 2 and the motion to dismiss Count 2 is **GRANTED** with leave to amend.

B. Count 3 (Equal Protection).

As noted by Magistrate Judge Crawford, to state an equal protection claim, plaintiff must either allege that defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class," *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), or that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has done neither. Rather he alleges that the policies and procedures in Exhibit G (housing policy memorandum) allow prison officials to "pick and choose" which prisoners are entitled to be housed in "single cells." [Doc. No. 3 at 12.] However, on its face, the

policy memorandum is not discriminatory, as it sets forth a long list of legitimate factors to be considered to determine whether single cell status is appropriate for a particular inmate. [Doc. No. 3 at 56-58.] Therefore, Plaintiff fails to state an equal protection claim. Accordingly, the Report is **ADOPTED** and the motion to dismiss Count 3 is **GRANTED** with leave to amend.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS**:

(1) The Report [Doc. No. 38] is **ADOPTED**;

(2) Defendants' motion to dismiss Counts 2 and 3 of the Complaint [Doc. No. 32] is **GRANTED WITH LEAVE TO AMEND**;

(3) If Plaintiff wishes to amend Counts 2 and 3, then he **SHALL FILE** a First Amended Complaint ("FAC") by **October 12, 2018**. Plaintiff is reminded that the FAC must be identified as his First Amended Complaint, include Civil Case No. 17cv1123-CAB-KSC in its caption, name the **all** parties he wishes to sue, and allege **all** the claims he wishes to pursue (including Count 1) in one single, clear, and concise pleading;

(4) The Clerk of the Court is **DIRECTED** to provide Plaintiff with a copy of its form Civil Rights Complaint pursuant to 42 U.S.C. § 1983 for Plaintiff's use should he choose to file a FAC.

(5) If Plaintiff does not file a FAC by October 12, 2018, then Defendants **SHALL ANSWER** the Complaint, as modified by this order, by **October 26, 2018**.

Dated: August 29, 2018

Hon. Cathy Ann Bencivengo
United States District Judge