UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>                   Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>                   Defendant. | Case No.: 17cv1123-CAB-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION SEEKING INTERVENTION [Doc. No. 64]** |

On July 15, 2019, Plaintiff filed a Motion Seeking Intervention from District Court for a Judgment on Submitted Default Judgment on Count 1 dated 3/21/18. [Doc. No. 64.] In the motion, Plaintiff claims that he has not received a ruling on the default judgment that Plaintiff submitted on 3/21/18. *Id.* at 1, Ex. A. A review of the docket shows that the motion to which Plaintiff refers (entitled "Motion for Judgment on the Pleadings or Alternative Default Judgment") was filed nunc pro tunc on March 26, 2018. [Doc. No. 35.] The docket also shows that this Court ruled on the Motion for Judgment on the Pleadings or Alternative Default Judgment on August 29, 2018. *See* Order Adopting Report and Recommendation and Granting Defendants' Motion to Dismiss, Doc. No. 40 at 1, n. 1.] Specifically, the Court ruled as follows:

On March 28, 2018, Plaintiff filed a motion for judgment on the pleadings as to Count 1, claiming that Defendants failed to answer Count 1, as the motion to dismiss is only directed to Counts 2 and 3. [Doc. No. 35.] However, the filing of a motion to dismiss under Fed.R.Civ.P. Rule 12(b) extends a defendant's time to file a responsive pleading, even if the Rule 12(b) motion challenges only some of the claims of the complaint. *See Compton v. City of Harrodsburg, Ky.*, 287 F.R.D. 401, 402 (E.D. Ky. 2012). Therefore, the motion for judgment on the pleadings [Doc. No. 35] is DENIED.

Given that the Court has ruled on the motion to which Plaintiff refers, the motion seeking intervention [Doc. No. 64] is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 26, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge