UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. DORSEY,<br><br>         Plaintiff,<br><br>v.<br><br>DANIEL PARAMO, et al.,<br><br>         Defendant. | Case No.: 17cv1123-CAB-KSC<br><br>**ORDER RE MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 65, 68] |

Plaintiff Mark E. Dorsey, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to Title 42, United States Code, Section 1983, alleging prison officials at R.J. Donovan Correctional Facility violated his rights under the United States Constitution. [Doc. No. 3.] The matter is now before the Court on the parties' cross-motions for summary judgment. All Defendants jointly move for summary judgment against Plaintiff, while Plaintiff only moves for summary judgment against the remaining correctional officer defendants and not against Dr. Shakiba. The motions have been opposed, and Plaintiff, but not Defendants, filed a reply brief. The Court deems the motions suitable for submission without oral argument and that no report and recommendation from Magistrate Judge Crawford is necessary. As discussed below, Defendants' motion is granted with respect to Dr. Shakiba and denied with respect to the remaining Defendants, and Plaintiff's motion is denied.

## I. Background

The complaint in this case purported to state three claims against a host of defendants, but on August 29, 2018, the Court granted a motion to dismiss counts 2 and 3 and dismissed those claims without prejudice. [Doc. No. 40.] Plaintiff then declined to file an amended complaint. [Doc. No. 42.] Thus, only count 1 for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment remains in this lawsuit. The only remaining defendants are Dr. Shakiba, who examined Plaintiff at Donovan, and five correctional officers: Jackson, Lay, Cho, Ruelas, and Sigala. The remaining claim arises out Defendants' alleged failure to accommodate Plaintiff's shoulder injury by assigning him to a lower bunk before October 24, 2016. As a result, Plaintiff injured himself on October 23, 2016, while trying to get into his top bunk and slept on his mattress on the floor of his cell for three nights because he feared further injury from trying to get into a top bunk until finally being assigned a lower bunk on October 24, 2016. Specific evidence relevant to the claims against each individual defendant is discussed in greater detail below

## II. Legal Standards

Rule 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Id.* at 324.

To avoid summary judgment, the non-moving party is "required to present significant, probative evidence tending to support h[is] allegations," *Bias v. Moynihan*,

508 F.3d 1212, 1218 (9th Cir. 2007) (citations omitted), and "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff['s] favor, could convince a reasonable jury to find for the plaintiff[]." *Reese v. Jefferson School Dist. No. 14J*, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed.R.Civ.P. 56; *Celotex*, 477 U.S. at 323). The opposing party cannot rest solely on conclusory allegations of fact or law. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986).

### III. Discussion

The relevant inquiry here is whether Plaintiff has provided evidence that demonstrates a violation of his Eight Amendment right to be free from cruel and unusual punishment. To maintain an Eighth Amendment claim based on prison medical treatment under 42 U.S.C. § 1983, an inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[T]here is a two-pronged test for evaluating a claim for deliberate indifference to a serious medical need:

> First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.["]

*Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096).

A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1970). The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. *Id*. "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to

that need." *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060. Thus, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care (without more), nor a difference of opinion over proper medical treatment, is sufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105–06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1984).

### A. Dr. Shakiba

There is no dispute that Dr. Shakiba issued a comprehensive accommodation chrono that Plaintiff be assigned to a lower bunk on October 21, 2016. Thus, Plaintiff's claim against Dr. Shakiba is premised on his contention that Dr. Shakiba should have issued a chrono sooner based Dr. Shakiba's evaluation of Plaintiff on October 18, 2016, and review of Dr. Foerster's report of his evaluation of Plaintiff on October 6, 2016. Dr. Shakiba, however, declares that Plaintiff never requested a lower bunk chrono before October 21, 2016, and that Dr. Shakiba did not believe one was warranted. In response, Plaintiff does not offer any evidence that he actually requested a lower bunk chrono before October 21, 2016. Instead, Plaintiff simply argues that Dr. Shakiba should have offered or suggested a lower bunk chrono to Plaintiff sooner. Regardless of whether Dr. Shakiba could have offered or issued a lower bunk chrono before October 21, 2016, his failure to do so does not constitute deliberate indifference when Plaintiff did not even specifically request such an accommodation. Indeed, there is no evidence that Dr. Shakiba was even aware that Plaintiff was not already in a lower bunk before October 21, 2016, when he issued the

comprehensive accommodation chrono. Accordingly, Dr. Shakiba is entitled to summary judgment on Plaintiff's claim against him.

## B. Correctional Officers Lay, Cho, Ruelas and Sigala, and Correctional Sergeant Jackson

According to Plaintiff, Officers Lay, Cho, Ruelas, and Sigala, and Sergeant Jackson each at various times between October 21 and 23, 2016, ignored Plaintiff's serious pain and medical needs by refusing to assign him to a lower bunk. Plaintiff has presented evidence that he was scheduled for surgery on his shoulder and that Dr. Shakiba had issued a comprehensive accommodation chrono that Plaintiff be assigned to a lower bunk on October 21, 2016. This evidence is sufficient to create an issue of fact as to whether Plaintiff had a serious medical need.

Although Dr. Shakiba had issued a lower bunk chrono on October 21, 2016, there does not appear to be any dispute that none of the correctional officer defendants were aware of that chrono until October 24, 2016. At the same time, however, there is also no dispute that Plaintiff complained of shoulder and back pain and asked these defendants for a lower bunk between October 21 and 23, and that they did not assign him a lower bunk until October 24, 2016.

Defendants declare that there is an overwhelming demand for low-bunk assignments and that an inmate must have a comprehensive accommodation chrono ordering showing that a doctor ordered that the inmate be assigned to a lower bunk. Yet Defendants do not cite to any caselaw stating that the lack of a lower bunk chrono or other medical authorization for a lower bunk is dispositive of a section 1983 Eighth Amendment claim against a correctional officer for refusing to assign an inmate complaining of serious pain to a lower bunk. *But see McDonald v. Yates*, No. 1:09-CV-00730-LJO, 2012 WL 6514658, at \*7 (E.D. Cal. Dec. 13, 2012) ("[W]hether Plaintiff's intake informational chrono was still valid or not, and even if he did not show them a chrono and only placed them on verbal notice, Defendants were required to take reasonable action once they were placed on notice that Plaintiff had a medical condition which required a lower bunk."), *report and*

*recommendation adopted*, No. 1:09-CV-00730-LJO, 2013 WL 238904 (E.D. Cal. Jan. 22, 2013). Nor do Defendants: (1) identify any prison policies preventing them from assigning a lower bunk absent a lower bunk chrono; (2) contend that no lower bunks were available for Plaintiff between October 21 and 23; or (3) contradict Plaintiff's assertion that he could have been transferred to the unoccupied lower bunk in cell 227, which was where Plaintiff ended up being placed on October 24.

In sum, Plaintiff has presented uncontradicted evidence that he complained to these officers of serious pain that made him unable to get into a top bunk, and that despite these complaints, the officers did not assign him to a lower bunk, even after Plaintiff had fallen and injured himself trying to get into a top bunk. Defendants do not contend that no lower bunks were available or that they lacked authority to move Plaintiff to a lower bunk. Rather, Defendants simply contend, as they told Plaintiff at the time and argue here, that they would not move Plaintiff to a low bunk absent a comprehensive accommodation chrono. As a result of Defendants refusal to assign Plaintiff to a lower bunk, Plaintiff slept on the floor for three nights to avoid injuring himself trying to get into a top bunk and then actually injured himself on October 23, 2019, attempting to get into a top bunk. Taking these facts in the light most favorable to Plaintiff, he has raised a material factual dispute as to whether these correctional officer defendants acted with deliberate indifference toward his serious medical needs when they failed to remedy his complaints about being unable to sleep in top bunk due to his shoulder pain. *See, e.g., Lucas v. Silva*, No. C 07-1673 CW PR, 2011 WL 1196920, at *7 (N.D. Cal. Mar. 30, 2011) (denying summary judgment on deliberate indifference claim where the defendants did not assign inmate to lower bunk despite complaints of back and neck pain resulting from upper bunk assignment); *Cf. McGuckin*, 974 F.2d at 1060 ("[T]he fact that an individual sat idly by as another human being was seriously injured despite the defendant's ability to prevent the injury is a strong indicium of callousness and deliberate indifference to the prisoner's suffering."). Accordingly, Defendants Lay, Cho, Ruelas, Sigala, and Jackson are not entitled to summary judgment.

At the same time, Plaintiff is not entitled to summary judgment in his favor. Because Defendants Lay, Cho, Ruelas, Sigala, and Jackson have offered evidence that they did not act with deliberate indifference to Plaintiff's serious medical needs, Plaintiff's motion for summary judgment against these defendants is likewise denied.

### IV. Disposition

In light of the foregoing, Defendants' motion for summary judgment is **GRANTED** with respect to Plaintiff's claim against Dr. Shakiba, and **DENIED** with respect to Plaintiff's claims against Defendants Lay, Cho, Ruelas, Sigala, and Jackson. Plaintiff's motion for summary judgment is **DENIED**.

It is **SO ORDERED**.

Dated: November 13, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge